**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Absolute Home Health, LLC,** | Bankruptcy No. 23-03559 |
| Debtor. | Honorable A. Benjamin Goldgar |

**NOTICE OF MOTION**

**TO: See attached list**

**Please take notice** that, on **June 12, 2023, at 9:30 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any other judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the motion of Absolute Home Health, LLC for relief from stay to permit nonsuiting litigation.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 500 0972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: _Justin R. Storer_

## CERTIFICATE OF SERVICE

    I, Justin R. Storer, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on June 5, 2023, at 5:00 p.m.

                                        /s/ Justin R. Storer

## SERVICE LIST

Service via CM/ECF notification:

| | |
|---|---|
| **Kimberly Bacher** | kimberly.bacher@usdoj.gov |
| **Amy Grogan** | agrogan@ghulaw.com |
| **Shanna Kaminski** | skaminski@kaminskilawpllc.com |
| **Steven Potts** | otispott@comcast.net |
| **Neema Varghese** | nvarghese@nvconsultingservices.com |

*See attached service list of all creditors, all of whom were served via first-class mail.*

| | | |
|---|---|---|
| Byram Healthcare<br>444 Highway 96 East<br>Saint Paul, MN 55127-2557 | Absolute Home Health, LLC<br>1715 N. Division Street, Suite 7<br>Morris, IL 60450-3122 | Leonard C Wanta PC dba Distinctive Therapy S<br>ATTN Leonard C Wanta President<br>1364 Notre Dame Drive<br>Lemont, IL 60439-8527 |
| Distinctive Therapy<br>7501 Lemont Rd, Suite 345F  Woodridge,<br>IL 60517-2677 | Amy Galvin Grogan<br>2 Mid America Plaza Ste. 110<br>Oakbrook Terrace, IL 60181-4711 | Amy Grogan<br>Grogan Hesse & Uditsky P.C.<br>Two Mid America Plaza, Suite 110<br>Oak Brook Terrace, IL 60181-4711 |
| Home Theraputic Staffing<br>10661 S Roberts Rd Suite 201<br>Palos Hills, IL 60465-1988 | Capital Dude, LLC<br>79 E. Madison Ave., 17th Floor<br>New York, NY 10016-7800 | Dan Alic<br>4848 N Damen<br>Chicago, IL 60625-1413 |
| Illinois Dept. of Employment Sec.<br>Collections Section<br>33 S. State Street 10th Floor<br>Chicago, IL 60603-2804 | Empire Recovery Solutions, LLC<br>10 W. 37th St.<br>Rm. 602<br>New York, NY 10018-7473 | Global Resources<br>150 W Washington Ave.<br>Santa Fe, NM 87501-2073 |
| Lustig & Wickert, P.C.<br>3400 Dundee Road<br>Northbrook, IL 60062-2320 | Illinois Department of Employment Security<br>33 S. State Street 10th FL<br>Chicago, IL 60603-2808 | (p)ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>PO BOX 19035<br>SPRINGFIELD IL 62794-9035 |
| Synergy<br>75 Executive Dr., Ste. 345<br>Aurora, IL 60504-8152 | (p)IPFS CORPORATION<br>30 MONTGOMERY STREET<br>SUITE 1000<br>JERSEY CITY NJ 07302-3836 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Voelker Law<br>33 N Dearborn, Suite 1000<br>Chicago, IL 60602-3116 | SCV Property Holdings LLC and LBC<br>Ivestments LLC<br>P O Box 6<br>Channahon, IL 60410-0006 | Sorinsky<br>3340 Dundee Road, Suite 2N4<br>Northbrook, IL 60062-2332 |
| | Tami Dinelli<br>260 Rice St.<br>East Brooklyn, IL 60474-3141 | Tami Dinelli<br>c/o Amy Galvin Grogan<br>Grogan Hesse & Uditsky, P.C.<br>2 Mid America Plaza Ste 100<br>Oakbrook Terrace, IL 60181-4726 |
| | Wellsky<br>11300 Switzer Blvd.<br>Overland Park, KS 66210-3665 | Wermer, Rogers, Doran & Ruzon, LLC<br>755 Essington Road<br>Joliet, IL 60435-2878 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Absolute Home Health, LLC,** | Bankruptcy No. 23-03559 |
| | Honorable A. Benjamin Goldgar |
| Debtor. | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Absolute Home Health, LLC ("***Debtor***"), respectfully requests this Court enter an order pursuant to 11 U.S.C. § 362(d) granting it relief from the automatic stay so that it can voluntarily nonsuit litigation in which it is a co-plaintiff against Samina Hyder. The Debtor's prebankruptcy counsel cannot continue representing the Debtor absent a retainer that the Debtor, at this time, cannot afford to pay; nonsuiting the case will allow a year to refile, by which time the Debtor's finances will – by all lights – be expected to have improved significantly.

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case and of this motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter

is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(G).

## BACKGROUND

3. Stori Worth – the Debtor's owner and president – purchased the Debtor from Samina Hyder. Worth (and the Debtor) allege, as relevant here, that Samina Hyder failed to accurately disclose its liabilities attendant to the sale.

4. Prepetition, the Debtor and Worth brought suit against Hyder at the Circuit Court of Cook County. A copy of their Second Amended Verified Complaint in *Absolute Home Health, LLC et al. v. Hyder*, case 21-L-008973, is attached hereto as Exhibit A.

5. The Debtor's prepetition state court counsel, Paul Richards, has represented that nonsuiting the case is in the Debtor's best interest at this time. This would allow for an efficient use of estate resources.

## REQUESTED RELIEF

6. Debtor respectfully requests this Court enter an order pursuant to 11 U.S.C. §§ 362(d)(1), (2) and (3) granting Movant relief from the automatic stay to nonsuit its case. In the event relief from the automatic stay is granted, Movant seeks waiver of the 14-day stay provided by Fed. R. Bankr. P. 4001(a)(3).

2

## BASIS FOR REQUESTED RELIEF

7. The Hyder litigation is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. 541. Upon the commencement of a case under the Bankruptcy Code, a stay comes into effect, applicable to all entities, of any act to exercise control over the estate. 11 U.S.C. 362(a)(3).

8. Section 362(d)(1)-(2) of the Bankruptcy Code provides that the Court "shall grant relief from the stay provided under subsection (a) of this section...for cause, [or if]...(A) the debtor does not have... equity in such property; and (B) such property is not necessary to an effective reorganization." A copy of this Court's required statement to accompany motions for relief from the automatic stay is attached hereto as Exhibit B.

9. Cause exists to permit the nonsuit of the case. The estate cannot, at present, fund the litigation, and the litigation is not necessary to an effective reorganization.

10. Furthermore, whether or not the Debtor has equity in the litigation is speculative.

11. The Debtor's proposed order will provide, for avoidance of doubt, that any (a) proceeds arising from the litigation for the benefit of the Debtor, directly or indirectly, including but not limited to funds arising from subsequent collection on a judgment or settlement, will remain estate property, and (b) any resolution of this matter in favor of any plaintiff other

3

than the Debtor, e.g., Worth, would require court approval under 11 U.S.C. 363.

## 14-DAY STAY WAIVER

12. The Debtor requests this Court find that for good cause has been shown for a waiver of the provisions of Bankruptcy Rule 4001(a)(3).

## NOTICE

13. Notice of this Motion has been given to: (i) the Office of the United States Trustee and (ii) any person that has requested notice in the Case or that receives notices through the ECF System with respect to the case. Notice has been given (iii) to all creditors via first-class mail.

WHEREFORE, the Debtor respectfully requests entry of an order modifying the automatic stay to allow the nonsuit of the Hyder litigataion, waiving the effect of Rule 4001, and granting such other and further relief as this Court may deem just and appropriate.

Dated: June 5, 2023               **Absolute Home Health, LLC,**

                                  By: */s/ Justin R. Storer*
                                  One of Its Attorneys

Justin Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (312) 373-7226
Fax:   (847) 574-8233
Email: jstorer@wfactorlaw.com

4

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ABSOLUTE HOME HEALTH, LLC, and STORI WORTH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   21 L  008973 )   Cal. Q |
| SAMINA HYDER, | ) ) |
| Defendant. | ) |

### VERIFIED SECOND AMENDED COMPLAINT

Plaintiffs, Absolute Home Health, LLC, an Illinois limited liability company, and Stori Worth, by their attorneys, allege as their Second Amended Verified Complaint against Defendant Samina Hyder as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    Plaintiff, Absolute Home Healthcare, LLC ("Absolute"), is an Illinois limited liability company with its principal place of business in Morris, Illinois.

2.    Plaintiff, Stori Worth ("Worth") is an individual and the Manager of Absolute.

3.    Defendant Samina Hyder ("Hyder") is an individual residing in Cook County, Illinois.

4.    Jurisdiction is proper as Defendant is a citizen of Illinois.

5.    Venue is proper in Cook County as Hyder resides there.

### COUNT I – BREACH OF CONTRACT

6.    Plaintiffs reallege Paragraphs 1 through 5 as and for Paragraph 6 of this Count I.

1

7. On or about January 18, 2019, Worth and Absolute acquired the stock and most of the property of Home Healthcare Renewal Service, Inc., an Illinois corporation ("Home Healthcare").

8. Prior to January 18, 2019, Hyder owned 100% of the common stock of Home Healthcare.

9. Home Healthcare's attorney prepared the closing documents for the sale of Home Healthcare. While, one document characterized the acquisition as an Asset Sale ("Sale Agreement"), a true and correct copy of the Sale Agreement is attached hereto as Exhibit A, other documents executed the same day transferred the shares of Home Healthcare to Absolute Home. True and correct copies of the transfer of the corporate stock and Hyder's resignation as both an officer and director of Home Healthcare are attached hereto as Exhibit B.

10. As a result of the transaction set forth at Paragraph 9, as of January 18, 2019, Absolute owned 100% of the shares of Home Healthcare and Worth was the President and sole Director of Home Healthcare.

11 Absolute continues to own 100% of the shares of Home Healthcare to this day.

12. As part of the Sale Agreement, Hyder warranted that "Pursuant to this agreement, the Seller conveys to the Buyer good and marketable title to all of the Purchased Assets, free and clear of all liens and encumbrances." (Exhibit A, page 2, subparagraph g).

13. This representation and warranty turned out to be false. Subsequent to the closing on January 18, 2019, Worth learned that Hyder had entered into a loan agreement with the Small Business Administration ("SBA Loan").

14. The SBA Loan was for at least $133,249.92. The U.S. Government has seized the SBA Loan from payments due to be made to Home Healthcare in the amount of at least $133,249.92.

15. Hyder breached the Sale Agreement by failing to disclose the $133,249.92 in payments due to the SBA and Absolute Health has been damaged in the amount of at $133,249.92 due to the failure to disclose the SBA Loan.

16. In addition, Hyder breached the Sale Agreement and the transfer documents set forth at Exhibit B by continuing to have amounts deducted from Home Healthcare's accounts in the amount of approximately $31,000.00. These included deductions via automatic payments for amounts due for personal expenses of Hyder that had deducted from the Home Healthcare accounts. Hyder did not have continuing right to have these amounts deducted once the stock and assets were transferred on January 18, 2019.

17. Furthermore, as part of the Sales Agreement, Hyder represented that Home Healthcare had "filed all tax returns that are required to be filed and paid all taxes" and further represented that all payroll taxes have "been or will be collected or withheld and either paid to the respective governmental bodies or set aside in accounts for such purposes." (Exhibit A, p. 2, subparagraph d.).

18. Hyder's representations set forth in Paragraph 17 above were false as Home Healthcare failed to remit the appropriate payroll taxes to the government. As a result, Absolute Home has had to pay the government the sum of approximately $6884.65 for payroll taxes incurred prior to the sale.

19. Hyder breached the Sales Agreement as a result of the breaches alleged at Paragraphs 15, 16 and 18 above.

3

20. Absolute and Worth have performed all of their obligations under the Sales Agreement.

21. As a result of Hyder's breaches, Worth and Absolute have suffered damages believed to be in excess of $171,000.00.

WHEREFORE, Plaintiffs seek judgment against Defendant for an amount in excess of $171,000.00, interest, their costs and for such other relief as the Court deems necessary and/or appropriate.

## COUNT II – FRAUD

22. Plaintiffs reallege the allegations contained in Paragraphs 1 through 21 as Paragraph 22 of this Count II.

23. Hyder knew that Home Healthcare had an outstanding SBA Loan and that it failed to pay all of its employment related taxes prior to the January 18, 2019 closing. Despite this, Hyder knowingly misrepresented and concealed both the SBA Loan and delinquent taxes.

24. Hyder made these misrepresentations with the intent of causing Home Worth and Absolute Home to enter into the transaction to purchase Home Healthcare.

25. Worth and Absolute reasonably relied upon the misrepresentations of Hyder.

26. As a direct and proximate result of the misrepresentations, Worth and Absolute have suffered damages in the amount in excess of $171,000.00.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor in an amount in excess of $171,000.00, plus punitive damages, interest and costs and for such other relief as the Court deems appropriate.

By: s/John H. Wickert
One of Plaintiffs' attorneys

John H. Wickert
LUSTIG & WICKERT, P.C.
3400 Dundee Road, Suite 235
Northbrook, IL 60062
847-509-9090
jwickert@lustiglaw.com
Cook County Atty Code #62524

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

By: /s/ Stori Worth
Stori Worth, individually and as Manager
Of Absolute Home Health, LLC

# EXHIBIT B

{00107152}

Form G-4

# REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) _____Absolute Home Health, LLC_____ Case No. __23-03559__ Chapter __11__

All Cases: Moving Creditor _____(n/a: Debtor's motion)_____ Date Case Filed __3/16/2023__

Nature of Relief Sought: ☑ Lift Stay    ☐ Annul Stay    ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
           ☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1. Collateral
   a. ☐ Home
   b. ☐ Car   Year, Make, and Model _____
   c. ☐ Other (describe) _____

2. Balance Owed as of Petition Date   $ _____
   Total of all other Liens against Collateral $ _____

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases)   $ _____$250,000_____

5. Default
   a. ☐ Pre-Petition Default
      Number of months _____    Amount $ _____

   b. ☐ Post-Petition Default
      i. ☐ On direct payments to the moving creditor
         Number of months _____    Amount $ _____

      ii. ☐ On payments to the Standing Chapter 13 Trustee
          Number of months _____    Amount $ _____

6. Other Allegations
   a. ☐ Lack of Adequate Protection § 362(d)(1)
      i. ☐ No insurance
      ii. ☐ Taxes unpaid      Amount $ _____
      iii. ☐ Rapidly depreciating asset
      iv. ☐ Other (describe) _____

   b. ☑ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

   c. ☑ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) _____
      ii. ☐ Multiple Filings
      iii. ☑ Other (describe) __Prosecution prohibitive use of estate resources, preserving rights__

   d. Debtor's Statement of Intention regarding the Collateral
      i. ☐ Reaffirm    ii ☐ Redeem    iii. ☐ Surrender    iv. ☑ No Statement of Intention Filed

Date: _____06/05/2023_____    _____/s/ Justin R. Storer_____
                                              Counsel for Movant

(Rev. 12 /21/09)